**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JASMINE COLEMAN,

Plaintiff,

v.

LVNV FUNDING LLC, *et al.*,

Defendants.

Civil Action No. 25-17607 (MAS) (JTQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Jasmine Coleman's ("Plaintiff") civil complaint (ECF No. 1) and most recent application to proceed *in forma pauperis* (ECF No. 5). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice.

## I. BACKGROUND

Plaintiff brings this matter pursuant to the Fair Debt Collection Practices Act (the "FDCPA") and the New Jersey Consumer Fraud Act (the "NJCFA") alleging that Defendants LVNV Funding, LLC ("LVNV") and Faloni Law Group, LLC ("Faloni" and collectively with LVNV, "Defendants") "unlawful[ly] attempt[ed] to collect a consumer debt in New Jersey without

processing a valid New Jersey Collection Agency Bond at the time they initiated litigation," made "misrepresentations regarding the alleged debt, and . . . continued reporting" the debt that Plaintiff disputes. (Compl. *1[1], ECF No. 1.) Plaintiff is a "natural person residing in New Jersey." (*Id.* ¶ 4.) LVNV is a "Delaware or South Carolina debt-buyer entity that purchases defaulted debts for collection and conducts business in New Jersey." (*Id.* ¶ 5.) Faloni is "a New Jersey or regional law firm engaged in consumer debt collection on behalf of LVNV and others, regularly collecting debts in this District." (*Id.* ¶ 6.)

On May 21, 2025, Plaintiff received a debt-collection letter from Defendants "attempting to collect a Credit One Bank account allegedly opened [on] May 19, 2020[,] with a credit limit of [three hundred dollars]." (*Id.* ¶ 7.) "LVNV later claimed $638, an amount exceeding the original credit limit[.]" (*Id.* ¶ 8.) "Both Experian (July 25, 2024) and TransUnion (July 26, 2024) deleted the LVNV collection account from Plaintiff's credit file, indicating [a] lack of verified ownership." (*Id.* ¶ 9.) On July 3, 2025, LVNV, represented by Faloni, filed a civil lawsuit in Camden County, New Jersey. (*Id.* ¶ 10.)

According to Plaintiff, "New Jersey law requires all out-of-state collection agencies to maintain a $5,000 Collection Agency Bond with the [New Jersey] Division of Banking" and that Defendants only "produced a bond certificate showing the bond was issued . . . seven days after LVNV filed the lawsuit on July 3, 2025." (*Id.* ¶¶ 11-12 (citing N.J. Stat. Ann. § 45:18-1).) Because Defendants did not have the bond certificate at the time LVNV filed suit, Plaintiff alleges that LVNV "engaged in unlicensed debt collection at the time it sued Plaintiff." (*Id.* ¶¶ 13-14.)

Plaintiff also asserts that "Defendants misrepresented the debt and continued collection after deletion[.]" (*Id.* at *2.) Specifically, Plaintiff alleges that she "obtained an Experian report

---

[1] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header.

from February 2023 showing the Credit One account with a [three hundred dollar] credit limit." (*Id.* ¶ 16.) According to Plaintiff, "[t]he bill of sale provided by LVNV had no acquisition date, preventing proof that LVNV lawfully purchased the account[,]" but "Defendants continued to collect despite having no verifiable proof of ownership." (*Id.* ¶¶ 17-18.) Plaintiff also asserts that, due to the bill of sale documents purportedly containing multiple inconsistencies, Defendants "cannot establish a complete and consistent chain of assignment, [and, therefore,] any attempt to collect or sue on this debt constitutes a misrepresentation under 15 U.S.C. § 1692e and an unlawful practice under the NJCFA." (*Id.* ¶¶ 19, 22 (emphasis omitted).)

Plaintiff claims that she "applied for an Apple credit product on April 24, 2024, before LVNV was deleted from Experian," but because of Defendants' actions, she "was denied, [which] caus[ed] financial injury[.]" (*Id.* ¶ 23.) As a result, she "suffered significant emotional distress, anxiety, and loss of time disputing an invalid or unverified debt." (*Id.* ¶ 24.) Moreover, Plaintiff claims she was "unable to appear for the state trial due to transportation and financial hardship" and, as a result, default was entered against her on October 21, 2025. (*Id.* ¶ 25.)

## II. <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure[2] 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

Plaintiff's Complaint asserts two causes of action against Defendants: (1) violations of the FDCPA ("Count One"); and (2) a violation of the NJCFA ("Count Two"). (Compl. ¶¶ 26-32.) The Court addresses each Count in turn.

### A. Count One

In Count One, Plaintiff alleges violations of the FDCPA pursuant to 15 U.S.C. §§ 1692e and 1692f. (*See id.* ¶¶ 26-28.)

"Generally, the FDCPA regulates debt collection." *Frato v. Cap. Mgmt. Servs. L.P.*, No. 23-4049, 2025 WL 2830614, at *5 (D.N.J. Oct. 6, 2025) (citing *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 265 (3d Cir. 2013)). To state a claim under the FDCPA, a plaintiff must adequately allege that: "(1) [s]he is a consumer[;] (2) the defendant is a debt collector[;] (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it[;] and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Id.* (second, third, and fourth alterations in original) (quoting *Moyer v. Patenaude & Felix A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021)). The term "consumer" is defined under the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "To have standing to bring an action pursuant to the FDCPA, a plaintiff must allege that . . . she actually owes a debt." *Id.* (quoting *Kraft v. Phelan Hallinan Diamond & Jones, P.C.*, No. 17-13765, 2019 WL 3423437, at * 6 (D.N.J. July 30, 2019)).

Here, Plaintiff does not allege that she actually owes a debt. (*See generally* Compl.) Instead, Plaintiff alleges that: (1) she received a debt-collection letter from Defendants "attempting to collect a Credit One Bank account allegedly opened [on] May 19, 2020[,] with a credit limit of [three hundred dollars]" (*id.* ¶ 7); and (2) "LVNV later claimed" an amount in excess of six

hundred dollars (*id.* ¶ 8). Without any allegations regarding whether the Credit One Bank account was in Plaintiff's name or whether Plaintiff owed the debt in question, Plaintiff fails to establish that she has standing to bring such a claim. *See Frato*, 2025 WL 2830614, at *5 (dismissing FDCPA claim where plaintiff did not allege that he owed any debt).

Count One is, accordingly, dismissed.

**B. Count Two**

In Count Two, Plaintiff alleges violations of the NJCFA. (*See* Compl. ¶¶ 29-32.)

"The NJCFA 'was designed to combat sharp practices and dealings that victimized consumers by luring them into purchases through fraudulent or deceptive means.'" *Baratta v. Freehold Auto. Ltd. Inc.*, No. 25-2712, 2026 WL 446206, at *6 (D.N.J. Feb. 17, 2026) (quoting *McLaren v. UPS Store, Inc.*, No. 21-14424, 2025 WL 3238934, at *8 (D.N.J. Nov. 20, 2025)). "It outlaws 'the use of "unconscionable or abusive" commercial practices, as well as "deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely" thereon.'" *McLaren*, 2025 WL 3238934, at *5 (quoting *Robey v. SPARC Grp. LLC*, 311 A.3d 463, 471 (N.J. 2024)). To state a claim under the NJCFA, a plaintiff "must allege sufficient facts to demonstrate: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 97 (D.N.J. 2011) (citing *Int'l Union of Operating Eng'r Loc. No. 68 Welfare Fund ("IUOEL 68") v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007)).

Here, Plaintiff alleges that "Defendants engaged in unlawful practices in violation of the NJCFA, including:" (1) "[c]ollecting debts in New Jersey without an active . . . bond"; (2) "[m]isrepresenting the ownership and validity of the alleged debt"; and (3) "[f]iling litigation

based on contradictory and unverified documents[.]" (Compl. ¶ 30.) Such actions, however, do not fall withing the scope of conduct covered by the NJCFA. *See, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 35 (3d Cir. 2011) (upholding district court's dismissal where plaintiff "has failed to state a claim under the NJCFA because his complaint is not based on [defendants'] marketing or sale of merchandise or services to him" and plaintiff instead "seeks to recover for [the] transfer of his debt to third parties and [the] attempts to collect the account—actions that do not fall within the NJCFA" (citations omitted)); *Chulsky v. Hudson Law Offs., P.C.*, 777 F. Supp. 2d 823, 847 (D.N.J. 2011) (reasoning that the NJCFA did not reach "the debt collection activities of a debt buyer of defaulted credit card debt" as such activities do not "fall[] within the ambit of the NJCFA"). Without more, Plaintiff has failed to adequately allege conduct that is prohibited by the NJCFA.

Count Two is, accordingly, dismissed.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's application to proceed *in forma pauperis* is granted and Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2026